**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4766**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAEQWON PRATER,

Defendant - Appellant.

**No. 18-4637**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MCFADDEN,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:16-cr-00087-RDB-3; 1:16-cr-00087-RDB-2)

Submitted:  March 31, 2020                        Decided:  April 15, 2020

Before GREGORY, Chief Judge, KEENAN and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony D. Martin, ANTHONY D. MARTIN, PC, Greenbelt, Maryland; Robin M. Earnest, EARNEST ATTORNEY AT LAW, LLC, Riverdale, Maryland, for Appellants. Robert K. Hur, United States Attorney, Lauren E. Perry, Assistant United States Attorney, Patricia C. McLane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following their involvement in a series of commercial robberies, Taeqwon Prater and William McFadden each pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2018). On appeal from their sentences, both Appellants raise challenges to the district court's application of the Sentencing Guidelines. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). In doing so, we must determine whether the district court committed any significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) (2018) sentencing factors. *Id.* But even if the district court committed a Guidelines error, we need not vacate the defendant's sentence if we find the error harmless. *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *Id.* (brackets and internal quotation marks omitted).

Prater contends, and the Government agrees, that the district court erroneously applied two Guidelines enhancements, resulting in a 6-level increase to Prater's total offense level. But as the Government correctly notes, the court repeatedly indicated that a 180-month sentence was the appropriate punishment for Prater. Moreover, the court

3

explicitly stated that it would have imposed the same sentence regardless of any Guidelines errors. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382-83 (4th Cir. 2014). Thus, we are satisfied that, even absent the two contested enhancements, the court would have reached the same result.

Next, we consider the substantive reasonableness of Prater's sentence with reference to the Guidelines range that would have applied without the Guidelines errors. *Mills*, 917 F.3d at 331. In reviewing substantive reasonableness, we look at "the totality of the circumstances," *Gall*, 552 U.S. at 51, to ensure that the sentence is "sufficient, but not greater than necessary," to satisfy the goals of sentencing, 18 U.S.C. § 3553(a).

Without the 6-level enhancement, the district court's sentence represents a 45-month upward variance. Nevertheless, in view of the court's factual finding that Prater participated in four different robberies, one of which resulted in injury to a cashier, we conclude that such variance reasonably accounted for the circumstances of the offense, as well as the need for the sentence to provide adequate deterrence and protect the public from Prater's criminal conduct. *See* 18 U.S.C. § 3553(a)(1), (2)(B), (C). In addition, we reject Prater's argument that the district court failed to avoid an unwarranted sentencing disparity, *see* 18 U.S.C. § 3553(a)(6), by imposing the same sentence that one of his codefendants received, despite the codefendant's worse criminal history and more substantial involvement in the spree of robberies. Unlike Prater, the codefendant bargained for his sentence by entering into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement and accepted total responsibility for the robberies he and his cohorts committed. Given the markedly different circumstances of the two men's guilty pleas, we discern no unwarranted sentencing

4

disparity.[1]  Thus, we conclude that a 45-month upward variance sentence is reasonable and, therefore, that the two Guidelines errors are harmless.

Turning to McFadden, because he neglected to raise his sentencing claim in the district court, we review only for plain error.  *United States v. Muslim*, 944 F.3d 154, 167 (4th Cir. 2019).  Relying on Guidelines commentary that was superseded by amendment long before he committed the instant offenses, McFadden contends that the district court miscounted his prior sentences, leading to an erroneous career offender designation. Because the rule McFadden cites does not apply to his case, his argument necessarily fails. In any event, our review of the record confirms that the district court did not err, let alone plainly err, in determining that McFadden qualified as a career offender.[2]

Accordingly, we affirm Appellants' criminal judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] Contrary to Prater's argument, we likewise discern no unwarranted disparity between his sentence and McFadden's lengthier sentence of 228 months.

[2] In addition, we reject McFadden's conclusory claim that his below-Guidelines sentence was substantively unreasonable.  *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).